

Washington, D.C.
Virginia
Florida
Arizona
New York
Tennessee
Utah
**holtzmanvogel.com**

August 4, 2026

<u>**Via ECF**</u>

Catherine O'Hagan Wolfe
Clerk of Court
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: <u>*American Future Fund, Inc. v. New York City Campaign Finance Board, et al.*</u>  No. 25-2781

Dear Ms. O'Hagan Wolfe:

We write to reiterate our strong interest in running our proposed advertisements regarding the Democratic Socialists of America ("DSA"), which continues to be a highly relevant organization in New York politics and public policy.

American Future Fund, Inc. ("AFF") filed this lawsuit because it was being chilled from running advertisements criticizing the DSA, A–23 (¶45), and sought a preliminary injunction so that it could "run[] the advertisements" criticizing the DSA "during the pendency of this action." D.Ct. DKT 9, Proposed Order.  Defendants have sought to moot the appeal of the denial of that preliminary injunction by questioning the sincerity of AFF's stated desire to continue to run its proposed advertisements.  In Defendants' view, the DSA was only relevant in 2025 because of its connection to then-Candidate Mamdani and, without Mamdani on the ballot, Defendants doubted that anyone would want to run ads about the DSA or its policy agenda.

Defendants could not have been more wrong. The results of New York's June primaries demonstrate that the DSA remains an incredibly influential and relevant organization in New York and nationwide. "In addition to winning both congressional races," DSA-endorsed candidates picked up numerous state-level victories in the primaries. *See* NYC-DSA Press Release, *Democratic Socialists Declare Victory in New York Midterms, Solidify a Strong Bloc of Working Class Leadership in State and Federal Government*, https://socialists.nyc/press-releases/massive-victory-elects-new-york-states-largest-bloc-of-socialist-state-legislators-ever-and-sends-two-more-socialists-to-congress/. In fact, "[o]ut of the organization's 9 endorsed state level insurgent candidates, 8 advanced to the general election." *Id.*; *see also* M. Halpert & S. Habeshian, *Clean Sweep for Mamdani-backed candidates in New York's Democratic primary*, BBC (Jun. 24, 2026), https://www.bbc.com/news/articles/clye652m41po.

As the *Wall Street Journal* put it, "[t]he story of the year in American politics so far, . . . is the rise of the Democratic socialists," whose "influence bears watching." *Op-Ed*, *The Rise of the Democratic*



*Socialists* , W.S.J. (June 21, 2026). In a separate Op-Ed, the *Wall Street Journal* warned that "[t]he Democratic Socialists of America are gaining strength in the Democratic Party, so it behooves voters to know what they'd do with political power." Op-Ed, *Abolish the Senate, Says the DSA* (July 26, 2026).

In short, it cannot possibly be disputed that the DSA and its policy agenda are live issues in New York and will continue to be live issues through the November elections (when several DSA-endorsed candidates are on the ballot) and beyond. AFF regrets that, because of Defendants' overbroad interpretation of New York law and AFF's inability to obtain a court decision as to the constitutionality of that interpretation, AFF has been chilled from participating in the ongoing public debate concerning the DSA and its extreme policy agenda for almost a year now. To the extent it is necessary, AFF hereby reaffirms its continued desire to run its proposed advertisements and inform citizens about the malign influence of the DSA.

To be sure, the Court need not consider ongoing political events to decide the mootness questions. But, to the extent the Court takes judicial notice that Mayor Mamdani is not on the ballot in 2026, it should also take judicial notice of the fact that the DSA remains a highly-influential organization that is the subject of intense public debate and that continues to endorse candidates in 2026 New York State elections. *See FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 473-74 (2007) (noting that courts considering campaign speech restrictions can consider "basic background information that may be necessary to put an ad in context—such as whether an ad describes a legislative issue that is either currently the subject of legislative scrutiny or likely to be the subject of such scrutiny in the near future").

Respectfully submitted,

/s/ *Kellen Dwyer*
Kellen Dwyer
Counsel for AFF
Holtzman Vogel Baran Torchinsky & Josefiak
2300 N Street, NW, Suite 643A
Washington, DC 20037